[No. B178957. Second Dist., Div. One. Apr. 19, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
SAUL RODRIGUEZ CARLOS, Defendant and Appellant.

[No. B184737. Second Dist., Div. One. Apr. 19, 2006.]

In re SAUL RODRIGUEZ CARLOS on Habeas Corpus.

**COUNSEL**

Charles Kelly Kilgore for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Susan Lee Frierson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VOGEL, J.**—Saul Rodriguez Carlos was convicted of two counts of robbery, after which he admitted he had suffered two prior serious felony convictions that also qualified as strikes. He was sentenced to state prison for a term of 25 years to life, plus 10 years for the priors. Carlos appeals and concurrently petitions for habeas corpus relief, contending (I) potentially exculpatory evidence was impermissibly withheld; (II) pretrial identification evidence should have been excluded; (III) the jury was incorrectly instructed about fingerprint evidence; and (IV) trial counsel's failure to consult eyewitness and fingerprint experts deprived him of his right to the effective assistance of counsel. We agree with the second point and thus do not reach the other issues. We reverse the judgment, remand for a new trial, and dismiss the petition as moot.

## FACTS

On November 26, 2003, a man who "look[ed] . . . Mexican" and who was wearing a hooded blue jacket entered a donut shop and ordered Vutena Kear to open the cash register. Vutena Kear complied, and the man put his hand in the register. When another employee (Luis Hermosillo) pushed the register drawer so that it closed, the man panicked, grabbed the register, and tried to open the drawer. During the commotion, the owner of the shop (Vutha Kear) opened the register and the man removed $100 to $200, then ran off.[1] One of the victims called the police.

On the cash register, a sheriff's department technician found a usable latent fingerprint that was later linked to Carlos. Deputy Sheriff Tina Jones then prepared a six-pack photographic array that included Carlos's photograph. When the array was separately shown to the victims, Vutha Kear was unable to identify anyone, Vutena Kear identified Carlos as "[t]he man that robbe[d] us," and Luis Hermosillo identified Carlos as "the person that I believe robbed us." Carlos was arrested, and a hooded blue jacket was found during a subsequent search of his house (which was within a mile of the donut shop). Carlos was charged with robbing Vutena Kear (count 1) and Vutha Kear (count 2), with allegations that he had suffered two prior robbery convictions.

At trial, the People presented evidence of the facts summarized above—but none of the witnesses could identify Carlos as the robber. Vutena Kear testified that he did not see the perpetrator in the courtroom, but that he had, in fact, identified Carlos from the photographic array and he said he was "being truthful" at that time. Vutha Kear confirmed her inability to identify

---

[1] Vutena Kear and Vutha Kear are brother and sister, and Vutha is married to Hermosillo.

Carlos from the photo array and did not identify Carlos at trial. Although no reason was given, she said she was afraid to testify. Hermosillo testified that when he was presented with the photo array, Deputy Jones told him that Carlos was the robber, that the police had his fingerprints, and that Hermosillo had to select Carlos's photograph. Deputy Jones testified that she had not said anything of the sort.

Carlos was convicted as charged.

## DISCUSSION

The problem is the composition of the photo array and the witnesses' failure to identify Carlos at trial.

### A.

This is the photo array (Carlos is No. 5):

## B.

The photo array was not given to the defense until the day the case was sent out for trial (Monday, July 26, 2004).

When the parties arrived in the courtroom, Carlos's lawyer complained to the court that although the prosecutor had mentioned a photographic six-pack from which "somebody allegedly identified" Carlos, no one gave the photo array to defense counsel. When questioned by the court, the prosecutor said the existence of the six-pack had been disclosed to the defense but that it had not been turned over because it had not been requested. The prosecutor said the six-pack was "en route" to the courtroom (along with the investigating detective).

Defense counsel asked for a "brief continuance" to Thursday, July 29 (the court had previously said it would be dark on Wednesday) so he would have an opportunity to review the six-pack. The request was denied without prejudice to revisiting the issue during trial. The court then took a five-minute recess, during which the prosecutor gave a copy of the six-pack to defense counsel. When the proceedings resumed, defense counsel asked the court to exclude the pretrial identifications, complaining that the pictures in the array were not sufficiently similar in appearance to Carlos. The court denied the request and proceeded to select a jury.

On Tuesday afternoon, July 27 (after the jury was sworn but before opening statements), defense counsel renewed his objection to the six-pack, this time pointing out that the case identification information was "intentional by the way it [appears on the six-pack] in that they have Mr. Carlos in [the] No. 5 [position,] right in the middle of the six-pack. His name is [printed] under there, and there's an I.D. number. There's no such thing under any of the other [photos]. . . ." The court said it was "concerned" about the printed case information because of the location of Carlos's photograph, but ultimately accepted the prosecutor's assurance that all six-packs are identified in this fashion (that is, with the defendant's name and an identification number at the bottom of the page, below the No. 5 photograph).[2] The six-pack was identified and received into evidence.

## C.

In related arguments, Carlos contends the prosecutor impermissibly withheld evidence that is both favorable to the defense and material to his guilt (*Brady v. Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215, 83 S.Ct. 1194]), that the prosecutor failed to comply with his statutory discovery obligations (Pen.

---

[2] These objections were sufficient to overcome the Attorney General's contention that the issue was waived by Carlos's failure to raise it below. (Evid. Code, § 353, subd. (a).)

Code, §§ 1054–1054.10), and that the pretrial identifications should in any event have been excluded because they were the product of an impermissibly suggestive photographic lineup. We agree with Carlos that the six-pack was unduly and unnecessarily suggestive, that the pretrial identifications should have been excluded, and that the error was prejudicial (and thus need not address the disclosure and discovery issues).

The problem with the six-pack is obvious—it is not just that Carlos's name and an identification number are printed on the front of the form, it is that they are printed directly below his picture. The prosecutor's representation that all six-packs are similarly labeled may be correct, but whether by chance or design the problem here is that the suspect's photograph is directly above the name and number. Although the name placement is not quite an arrow pointing to Carlos, it is plainly suggestive.

■ A due process violation occurs when a pretrial identification procedure is so impermissibly suggestive that it gives rise to a very substantial likelihood of irreparable misidentification. (*People v. Blair* (1979) 25 Cal.3d 640, 659 [159 Cal.Rptr. 818, 602 P.2d 738].) The application of this rule depends on the circumstances of each case (*Simmons v. United States* (1968) 390 U.S. 377, 384–385 [19 L.Ed.2d 1247, 88 S.Ct. 967]), including whether the suggestiveness made the defendant "stand out" from the others in the lineup (*People v. Carpenter* (1997) 15 Cal.4th 312, 367 [63 Cal.Rptr.2d 1, 935 P.2d 708]) and whether the identification procedure was unnecessary (*People v. Carter* (2005) 36 Cal.4th 1114, 1162–1163 [32 Cal.Rptr.3d 759, 117 P.3d 476]). We review the issue de novo. (*People v. Kennedy* (2005) 36 Cal.4th 595, 608–609 [31 Cal.Rptr.3d 160, 115 P.3d 472].)

■ We conclude this photo array was impermissibly suggestive and prejudicial because the labeling and positioning of Carlos's picture plainly made his photograph "stand out" from the others, because the method of labeling (not merely on the front of the array but directly under Carlos's photo) was unnecessary, because the photo array was not disclosed to the defense until the first day of trial, because defense counsel's request for a brief continuance was denied, and because none of the witnesses identified Carlos at trial. Had the pretrial identifications been excluded, we cannot say beyond a reasonable doubt that—without any identifications at trial—a jury presented with the only other evidence (fingerprints and a jacket found at Carlos's home) would have reached the same result. (*Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824].)

This problem can be avoided in the future by labeling the six-packs on the back or, if they must be labeled on the front, by placing the name and identification number so they do not highlight any of the photographs.

## DISPOSITION

The judgment is reversed and the cause is remanded for a new trial. The petition is dismissed as moot.

Spencer, P. J., and Rothschild, J., concurred.

A petition for a rehearing was denied May 15, 2006, and respondent's petition for review by the Supreme Court was denied August 16, 2006, S143838. Kennard, J., was of the opinion that the petition should be granted.