**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAMMY LYNN CAMERON, an individual,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>LAUREN BROWN, an individual and official capacity; COUNTY OF LOS ANGELES, a public entity,<br><br>Defendants-Appellees. | No. 16-55421<br><br>D.C. No. 2:15-cv-00774-RGK-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 5, 2017
Pasadena, California

Before: TASHIMA and BERZON, Circuit Judges, and KENNELLY,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Tammy Cameron brought this § 1983 action against Detective Lauren Brown and the County of Los Angeles, alleging that there was no probable cause to support the issuance of a warrant for her arrest. We conclude that a reasonable jury could so find, and accordingly reverse the grant of summary judgment to the defendants.

Under the "totality of the circumstances" in this case, *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983), a reasonable jury could find that there was no probable cause to obtain an arrest warrant for Tammy Cameron.

First, Tammy Cameron did not match the physical description of the female perpetrator provided by the witness and included in the initial incident report. The incident report described the female perpetrator as 5'1" and weighing 135 pounds. According to the database on which Detective Brown obtained Cameron's photo, Cameron was 5'7" and weighed 110 pounds. A reasonable jury could find that a height difference of six inches for a woman is, at a minimum, a "red flag" that "should have led officers to question whether the person described" in the incident report was Cameron. *Garcia v. Cty. of Riverside*, 817 F.3d 635, 641–42 (9th Cir.), *cert. denied sub nom. Baca v. Garcia*, 137 S. Ct. 344 (2016).

Second, a jury could disbelieve Detective Brown's long-after-the-fact representation that a witness provided him with the name Cameron. The name

2

"Cameron" does not appear anywhere in either the initial incident report or the supplemental report prepared by Detective Brown. Nor is there any other evidence dating from the time of the investigation that any of the witnesses provided the name "Cameron" to Detective Brown. The only evidence that Detective Brown was given the name "Cameron" by a witness comes from Detective Brown's own deposition testimony and declaration during the course of this litigation, which began years after the underlying events. Detective Brown was unable to say which witness provided the name "Cameron," when, or whether he or she did so by phone or in person.

Third, a reasonable jury could find that the witness' photo identification does not independently support probable cause. A photo identification cannot support probable cause if it is "so impermissibly suggestive as to give rise to a substantial likelihood of misidentification" and lacks "sufficient indicia of reliability" otherwise to support the integrity of that identification. *Grant v. City of Long Beach*, 315 F.3d 1081, 1086 (9th Cir. 2002), *opinion amended on denial of reh'g*, 334 F.3d 795 (9th Cir. 2003).

A reasonable jury could find that the six-pack photo array here, in which the name "tame cameron" appeared beneath Cameron's photograph and not beneath any other photograph in the line-up, was impermissibly suggestive. Even though

the witness understood the perpetrator's name to be "Tammy Garrison" not "tame cameron," he could have seen the phonetically similar first name and somewhat similar last name and drawn an implicit connection between Cameron's photograph and the perpetrator he was asked to identify. *Cf. People v. Carlos*, 138 Cal. App. 4th 907, 910–12 (2006).

The suggestiveness of the format of the six-pack array was exacerbated by the way the identification was performed. After the witness said he was unsure whether any of the women in the array was the female perpetrator, Detective Brown told him to "[d]o [his] best"—a directive that the witness interpreted, reasonably, to mean pick the person in the array most similar to the perpetrator. A reasonable jury could find that together, these two aspects of the photo identification process render it impermissibly suggestive, notwithstanding the signed witness advisement form. Further, in light of the suggestiveness of the photo identification, a reasonable jury could find that there are not sufficient indicia of reliability otherwise to support the integrity of the identification. "Indicia of reliability include: 1) the opportunity to view the criminal at the time of the crime; 2) the degree of attention paid to the criminal; 3) the accuracy of the prior descriptions of the criminal; 4) the level of certainty demonstrated at the time of confrontation; and 5) . . . the length of time between the crime and the

4

confrontation." *Grant*, 315 F.3d at 1087. While the witness had ample time to view the female perpetrator at the time of the crime and paid attention to her appearance, approximately ten months had passed between the crime and the photo identification, *see id.* at 1088, and, critically, the witness exhibited a low level of certainty during the identification. Also, the description given by the witness before he was shown the array did not match Cameron's appearance as to height, an immutable feature. For these reasons, a reasonable jury could find that the photo identification does not support probable cause.

Having determined that the district court erred in granting summary judgment for the defendants on the question of probable cause, we remand for the district court to address the issues of qualified immunity and municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

**REVERSED AND REMANDED.**